UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

COATING EQUIPMENT TECHNOLOGY, INC.,

Plaintiff,

v.

Case No.
Hon.

TOTAL FINISHING SOLUTIONS, LLC, PITTSBURGH SPRAY EQUIPMENT COMPANY, and CLEARWATER INDUSTRIES, LLC d/b/a SPRAYWELL,

Defendants.

---

BONELEX
Devin W. Bone (P78853)
Arghavan Eftekhari (P89025)
*Attorney for Plaintiff*
321 ½ S. Main Street, Suite 201
Rochester, MI 48307
(248) 833-8333
dbone@bonelex.com
aeftekhari@bonelex.com

---

There is no other civil action between these parties arising out of the transactions or occurrences alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

# **COMPLAINT**

Plaintiff Coating Equipment Technology, LLC ("Plaintiff"), by and through its attorneys, BoneLex, for its Complaint against Defendants Total Finishing

Solutions, LLC ("Total Finishing"), Pittsburgh Spray Equipment Company ("Pittsburgh Spray"), and Clearwater Industries, LLC, doing business as Spraywell ("Spraywell," collectively "Defendants"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a Michigan domestic profit corporation, with a registered office address at 44432 Reynolds Drive, Clinton Township, Michigan 48036.

2. Upon information and belief, Total Finishing is a business located at 1321 Northeast 76th Street, Suite 3E, Vancouver, Washington 98665.

3. Upon information and belief, Pittsburgh Spray is a Pennsylvania domestic business corporation, with a registered office at 3126 Forbes Street, Pittsburgh, Pennsylvania 15213.

4. Upon information and belief, Spraywell is a business operated by Clearwater Industries, LLC, which is a Florida foreign limited liability company, with a registered office at 1201 Hays Street, Tallahassee, Florida 32301-2525.

5. This Court has subject-matter jurisdiction over the present controversy pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and Plaintiff seeks damages and equitable relief for Defendants' infringement of Plaintiff's federally protected copyrights.

6. Defendants are subject to this Court's jurisdiction pursuant to M.C.L. § 600.715(2) because Defendants, through their unauthorized reproduction, display and use of Plaintiff's copyrighted photographs on their respective websites, cause tortious consequences and economic injury to Plaintiff in Michigan, and Defendants' infringing conduct was expressly directed toward Plaintiff and its copyrighted works, giving rise to the claims asserted herein.

7. This Court has personal jurisdiction over Total Finishing because Total Finishing has committed intentional acts of infringement directed at Plaintiff in Michigan and caused harm to Plaintiff in Michigan.

8. This Court has personal jurisdiction over Pittsburgh Spray because Pittsburgh Spray has committed intentional acts of infringement directed at Plaintiff in Michigan and caused harm to Plaintiff in Michigan.

9. This Court has personal jurisdiction over Spraywell because Spraywell has committed intentional acts of infringement directed at Plaintiff in Michigan and caused harm to Plaintiff in Michigan.

10. Venue is proper pursuant to 28 U.S.C. § 1400(a) because Defendants' commission of copyright infringement caused injury to Plaintiff in Michigan.

11. Joinder of Defendants is proper because Plaintiff's claims arise from related acts involving the same copyrighted images and substantially similar unauthorized uses.

## GENERAL ALLEGATIONS

12. This action seeks to compensate Plaintiff for the injuries caused by Defendants' unauthorized use of Plaintiff's copyrighted original images identified further below and hereinafter referred to collectively as the "Copyrighted Images." (**Exhibit A**).

13. The Copyrighted Images are original works of authorship fixed in a tangible medium expression.

14. Plaintiff has registered the Copyrighted Images with the U.S. Copyright office, and received the following associated Copyright Registration Numbers ("Registration Numbers"): **2020 Part 1A** - VA0002324887 dated 2022-10-13, **2020 Part 1B** - VA0002324939 dated 2022-10-13, **2020 Part 2** - VA0002324936 dated 2022-10-13, **2021 Part 1** - VA0002326248 dated 2022-10-13, **2022** - VA0002335559 dated 2023-01-06, **2023 Q1** - VA0002349348 dated 2023-04-26, **2023 Q4** - VA0002388498 dated 2024-01-26, **2024 Q3** - VA0002427583 dated 2024-10-08, **2025 Q1** - VA0002449040 dated 2025-04-22, and **2025 Q3** - VA0002475822 dated 2025-10-14.

15. Plaintiff owns the exclusive rights to reproduce, distribute, display, license, and otherwise exploit the Copyrighted Images, subject to any licenses Plaintiff may have granted.

16. Plaintiff did not grant Total Finishing permission, authority or a license to reproduce, distribute, display, publish, copy or otherwise use the Copyrighted Images in the manner alleged in this Complaint.

17. Total Finishing has copied, reproduced, displayed, distributed, published and/or used the Copyrighted Images within the following Registration Numbers without Plaintiff's authorization: VA0002324887, VA0002324939, VA0002324936, VA0002326248, VA0002335559, VA0002349348, VA0002427583, VA0002449040 and VA0002475822. (**Exhibit B**).

18. Total Finishing used the Copyrighted Images through their associated commercial website, totalfinishingsupplies.com, in efforts to promote their products for commercial sale and for profit.

19. Plaintiff did not grant Pittsburgh Spray permission, authority or a license to reproduce, distribute, display, publish, copy or otherwise use the Copyrighted Images in the manner alleged in this Complaint.

20. Pittsburgh Spray has copied, reproduced, displayed, distributed, published and/or used the Copyrighted Images within the following Registration Numbers without Plaintiff's authorization: VA0002324887 and VA0002335559. (**Exhibit C**).

21. Pittsburgh Spray used the Copyrighted Images through their associated commercial website, pittsburghsprayequip.com, in efforts to promote their products for commercial sale and for profit.

22. Plaintiff did not grant Spraywell permission, authority or a license to reproduce, distribute, display, publish, copy or otherwise use the Copyrighted Images in the manner alleged in this Complaint.

23. Spraywell has copied, reproduced, displayed, distributed, published and/or used the Copyrighted Images within the following Registration Numbers without Plaintiff's authorization: VA0002324887, VA0002326248, VA0002335559, VA0002388498, and VA0002449040. (**Exhibit D).**

24. Spraywell used the Copyrighted Images through their associated commercial website, spraywell.com, in efforts to promote their products for commercial sale and for profit.

25. Defendants unauthorized copying, display, distribution, publication, and the use of the Copyrighted Images deprived Plaintiff of control over its copyrighted works and caused Plaintiff damages in an amount to be proven at trial.

26. Defendants derived, or are reasonably expected to have derived, revenues, profits, and other benefits from their unauthorized uses of the Copyrighted Images in amounts presently unknown to Plaintiff.

27. Before and during their infringing conduct, Defendants knew, and recklessly disregarded, that Plaintiff owned the Copyrighted Images and that Defendants lacked authorization to use them.

28. Defendants continue their unauthorized use of the Copyrighted Images, despite Plaintiff's ownership rights and being explicitly informed of Plaintiff's such rights.

## COUNT I – COPYRIGHT INFRINGEMENT

29. Plaintiff incorporates the foregoing as though fully restated herein.

30. Plaintiff owns valid copyrights in the Copyrighted Images and has complied with the applicable registration requirement for bringing this action pursuant to 17 U.S.C. § 411.

31. Defendants copied, reproduced, displayed, distributed, published and/or otherwise used the Copyrighted Images without Plaintiff's authorization.

32. By their unauthorized conduct, Defendants infringed Plaintiff's exclusive rights in the Copyrighted Images.

33. Defendants' infringement was knowing and willful, as they were notified of Plaintiff's exclusive rights in the Copyrighted Images but Defendants failed to discontinue their use.

34. As a direct and proximate result of Defendants' infringement, Plaintiff has sustained damages and Defendants have obtained profits attributable to their infringement in amounts to be proven at trial.

## CONCLUSION

WHEREFORE, Plaintiff Coating Equipment Technology, Inc. respectfully requests this Honorable Court enter judgement in its favor, and against Defendants, jointly and severally to the extent permitted by law, and award the following relief:

A. Plaintiff's actual damages and Defendants' profits attributable to the infringement, in an amount to be proven at trial, or statutory damages as Plaintiff may elect and as permitted by law, including enhanced statutory damages for willful infringement;
B. Prejudgment and post-judgment interest as permitted by law;
C. Plaintiff's reasonable attorney fees and costs as permitted by law; and
D. Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

BONELEX, Counsel for Plaintiff

By: /s/ Devin W. Bone
Devin W. Bone (P78853)
Arghavan Eftekhari (P89025)
321 ½ S. Main Street, Suite 201
Rochester, MI 48307
(248) 833-8333
dbone@bonelex.com
aeftekhari@bonelex.com

Dated: October 27, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

COATING EQUIPMENT
TECHNOLOGY, INC.,

Plaintiff,

v.

Case No.
Hon.

TOTAL FINISHING SOLUTIONS, LLC,
PITTSBURGH SPRAY EQUIPMENT COMPANY,
and CLEARWATER INDUSTRIES, LLC
d/b/a SPRAYWELL,

Defendants.

---

**JURY DEMAND**

Plaintiff requests a trial by jury on the claims raised herein.

Respectfully Submitted,

BONELEX, Counsel for Plaintiff

By: */s/ Devin W. Bone*
Devin W. Bone (P78853)
Arghavan Eftekhari (P89025)
321 ½ S. Main Street, Suite 201
Rochester, MI 48307
(248) 833-8333
dbone@bonelex.com
aeftekhari@bonelex.com

Dated: October 27, 2026